**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  04-10190-01 |
| ) |     06-3007-MLB |
| ) | |
| ALFONSO LEOS-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to 28 U.S.C. § 2255 (Docs. 27 and 28);

2. Government's motion to dismiss (Doc. 29); and

3. Defendant's response (Doc. 30).

On October 19, 2004, defendant entered his plea of guilty to a violation of 8 U.S.C. § 1326(a)(b)(2).  The plea was made pursuant to a written plea agreement and petition to enter a plea (Docs. 11 and 12).  The plea agreement included a waiver of defendant's right to file a motion pursuant to 28 U.S.C. § 2255. Thereafter, on January 7, 2005, defendant was sentenced to serve a term of 87 months imprisonment (Doc. 13).  Defendant pursued a direct appeal (Doc. 15) but by its mandate filed in this court on November 17, 2005 (Doc. 26), the Tenth Circuit dismissed the appeal.

Defendant's motion alleges that his guilty plea was "coerced" by his counsel who allegedly told him that if he did not ". . . agree to a 46 month plea he would receive a 77 month sentence if

he did not take plea." The motion also asserts that defendant's plea was not voluntary because he cannot understand English and the court failed to determine his need for an interpreter. Under other circumstances, these claims might constitute a <u>Cockerham</u>[1] exception to the waiver provision of the plea agreement. However, for the following reasons, the court declines to recognize the exception.

Defendant did not prepare the motion. Instead the motion states: "Since Alfonso Leos-Hernandez is not able to read or write English, this motion was prepared for him by Juan Antonio Contreras, #52805-079, PO Box 1500, El Reno, OK 73036." (Doc. 27 at 14). Nonetheless, defendant signed a declaration in support of his motion which states: "I, Alfonso Leos-Hernandez, declare that the statement of facts on the attached memorandum in support of 28 U.S.C. § 2255 motion, specifically paragraphs 15-25 are true and correct under penalty of perjury." (Doc. 28, Attachment). Paragraphs 15-25 purport to be statements of facts covering defendant's conversations with his public defender counsel and what occurred at his plea and sentencing hearings.

Defendant's claims and assertions are totally predicated upon the contrived assertion that no record was made of defendant's plea. This is made crystal clear by the assertions set forth in paragraphs 19 and 20 of the memorandum in support of the motion (Doc. 28):

> 19. Once the plea hearing began, the District Judge asked if Leos needed an interpreter. Leos was not

---

[1] <u>United States v. Cockerham</u>, 237 F.3d 1179, 1187 (10th Cir. 2001). Defendant asserts other grounds which clearly do not fall within the exception.

-2-

       allowed to answer the question as Gradert answered for him. Gradert stated that Leos did not need an interpreter and that he understood English. The Court never ascertained if Leos If Leos [sic] understood what was being said. The Court proceeded witht [sic] he hearing even though Leos could not understand the proceeding and what was being done and said.

       20.   Gradert had instructed Leos how to answer during plea hearing, such as when asked if Leos had been offered any promises by his attorney. Leos was to answer no. The reason given to Leos by Gradert was that the District Judge always accepted the plea agreement. One of the most obvious points to demonstrate that Leo did understand the plea hearing proceeding was towards the end of the hearing when the District Judge asked if Leos had anything to say and Leos answered, "NO, NOT AT THIS TIME, BUT MAYBE NEXT TIME." This statement caused the District Judge, both attorneys, and all the courtroom staff to laugh very loudly. This caused Leos to become more confused and extremely embarrassed. After laughing, the District Judge informed Leos, "No, now is the time." but Leos was too embarrassed to make any statement and risk being laughed at again. When the District Judge informed Leos that he could give a longer or shorter sentence, Leos felt like speaking up, but Gradert ahd [sic] instructed him not to interrupt the District Judge because he would sentence him to 46 months.

These supposed facts are refuted by the transcript of the plea hearing (Doc. 31). A record is <u>always</u> made of a plea hearing, not merely because it is required by Fed. R. Crim. P. 11(g) but because it has been the court's experience in taking hundreds of guilty pleas that more than a few defendants file § 2255 motions, even after waiving their right to do so, based upon statements supposedly made to them by the court or by counsel, statements which are either obviously untrue or so thoroughly refuted by the record that further inquiry would be a waste of judicial resources. This court spends a substantial amount of time complying with Rule 11 and ascertaining that a defendant's plea is knowing and voluntary. A defendant, even one who is indigent and an alien, has

-3-

an obligation to be truthful in his dealings with the court.

In this case, defendant has lied regarding what occurred at the plea hearing and the inmate who assisted defendant has aided and abetted defendant's attempt to obtain relief through false statements.  A defendant who lies regarding what occurred during a court proceeding is just likely, if not even more likely, to lie regarding unrecorded conversations with his counsel.  For example, defendant asserts, under oath, that when his counsel asked him if he needed an interpreter, defendant told him " . . . yes, because he could not understand the Court (legal) English.  Gradert's response to this was that he could understand Leos and if that Leos wanted an interpreter, Leos or his family would have to pay for the interpreter and the interpreter would be expensive."  Mr. Gradert has appeared before this court hundreds of times.  By definition, all of Mr. Gradert's clients are indigent.  The court will not hazard a guess regarding the number of Hispanic defendants Mr. Gradert has represented – the number must be in the hundreds.  Whenever a defendant represented by a federal public defender has needed an interpreter, one has been provided at government expense.  It is inconceivable that Mr. Gradert would tell defendant that he or his family would have to pay for an interpreter.  The remainder of defendant's allegations regarding his conversations with Mr. Gradert are refuted by the contents of the plea agreement, the sworn-to petition to plead guilty and defendant's sworn statements during the plea hearing.

Accordingly, the court finds that the motion and files and records conclusively show that defendant is entitled to no relief.

-4-

Defendant's motion pursuant to § 2255 is denied. The court further finds that defendant has made false statements in connection with his motion and recommends that the United States attorney consider prosecution of defendant as well as the inmate who prepared defendant's submissions.

IT IS SO ORDERED.

Dated this ___2nd___ day of March 2006, at Wichita, Kansas.

                                                s/ Monti Belot
                                                Monti L. Belot
                                                UNITED STATES DISTRICT JUDGE